# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Travis Geery, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Davenport Auto Repair and Collision Center, LLC; Brittany Davenport, individually; Kenneth Davenport, individually, <br><br> Defendants. | Civil Action No.: 0:21-cv-02028-SAL <br><br> **JOINT MOTION REQUESTING APPROVAL OF SETTLEMENT AND RELEASE OF CLAIMS** |

Pursuant to the requirements of the Fair Labor Standards Act, Plaintiff Travis Geery (herein, "Plaintiff") and Defendants Davenport Auto Repair and Collision Center, LLC; Brittany Davenport, individually; and Kenneth Davenport, individually (collectively herein, "Defendants"), by and through their undersigned counsel, hereby jointly move the Court for approval of the Settlement Agreement and Release of Claims ("Settlement Agreement"), which is attached hereto as Exhibit A.

The parties show the Court the following:

1. Filed on July 7, 2021, Plaintiff brought this action on behalf of himself and others similarly situated seeking unpaid wages related to his employment with Defendants. Plaintiff alleged that Defendants' misclassified him and other Battery Technicians as "independent contractors" rather than "employees," and that their failure to pay Plaintiff

1

and the putative collective class minimum and overtime wages violated provisions of the Fair Labor Standards Act ("FLSA") regarding minimum wage and overtime compensation. Plaintiff alleged that Defendants' failure to pay him minimum and overtime wages violated provisions of the Fair Labor Standards Act ("FLSA"), and provisions of the South Carolina Payment of Wages Act ("SCPWA") relating to unlawful deductions (tips and credit card fees) from his wages.

2.     Defendants have disputed the claims asserted in this action. After exchanging of documents and information, including third party subpoenas, the parties engaged in settlement negotiations and jointly entered into the Settlement Agreement in an effort to fully and completely resolve this dispute without need for further judicial involvement and to avoid the time and expense of ongoing litigation.

3.     It is well settled that court approval is required of all FLSA claims where the parties have agreed to waive any and all prior claims under the Act. See Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007).

4.     The Court reviews the proposed agreement for fairness and reasonableness, considering such factors as (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. See Poulin v. Gen. Dynamics Shared Resources, Inc., 2010 U.S. Dist. LEXIS 47511 (W.D. Va. May 5, 2010).

5.      All of the above factors weigh in favor of the Court's approval of the parties' settlement. The parties have exchanged documents and information that relate to the merits of the case and potential damages that have been incurred. Thus, the record was developed to the extent that the parties were informed of the legal and factual basis of Plaintiff's claims, Defendants' defenses, and the potential liability.

6.      There is no evidence of fraud or collusion on the part of the parties or their counsel in this case. The proposed Settlement Agreement is the product of arms-length negotiations through counsel that took place over the course of the last two months.

7.      The attorneys who represent Plaintiff are experienced employment attorneys whose practice is focused on employment law. They have litigated many other FLSA matters and thus are able to competently evaluate the merits of the Plaintiff's claims. The attorneys' fees in this matter are reasonable, as discussed in the Declaration of Molly Hamilton Cawley, counsel for Plaintiff, attached hereto as Exhibit B.

8.      The attorneys representing Defendants have extensive experience in FLSA litigation, representing employers for the past several years in wage and hour disputes arising under the FLSA.

9.      Although Plaintiff and his counsel believe that the case has significant merit, they recognize and acknowledge the uncertain outcome and risk of any case, as well as the expense and time associated with continued proceedings through the class certification and de-certification process, trial and through any possible appeals. Additionally, as discussed in Plaintiff's affidavit attached hereto as Exhibit B, Plaintiff has a significant tax burden

related to his status as an independent contractor versus employee, which has had a deep financial impact on him that counsels in favor of a resolution at this stage. Consequently, after in-depth discussions with his counsel, Plaintiff believes that the settlement reached is fair, reasonable, and adequate and is not only in his best interests, but in fact makes him whole with regard to his alleged wages due under the FLSA.

While the Defendants contend that they did not violate the FLSA or SCPWA, they acknowledge the uncertain outcome and risk of the case and believe that further, protracted litigation is contrary to their best interests. Defendants believe that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing their own further expenses.

10. The amounts to be paid to the Plaintiff and his counsel are reasonable under the circumstances. The settlement amount reflects what Plaintiff claimed in his Complaint to be owed for wages, liquidated under the FLSA, and for damages under the SCPWA. The fees to be paid to counsel are based on the work performed at reasonable hourly rates (as opposed to a contingency), subject to a significant discount in order to facilitate the settlement. Therefore, the agreed upon sums, as reflected in the Settlement Agreement and Release are a fair and realistic settlement sum.

WHEREFORE, the parties respectfully request that the Court enter the proposed Consent Order Approving Settlement.

Respectfully submitted this 28th day of July, 2022.

s/Molly R. Hamilton Cawley
Molly R. Hamilton Cawley, Esq.

(Fed ID 11838)
Casey M. Martens, Esq.
(Fed. ID 12812)
MHC LAW, LLC
460 King Street, Suite 200
Charleston, SC 29403
Telephone: (843) 225-8651
molly@mhc-lawfirm.com
casey@mhc-lawfirm.com

**ATTORNEYS FOR PLAINTIFF**

s/W. Mark White
W. Mark White  (Fed ID 6275)
226 East Main St.
PO Box 790
Rock Hill, SC 29731
(803) 327-7191

**ATTORNEY FOR DEFENDANTS**