UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Travis Geery, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 0:21-cv-02028-SAL |
| v. | ) ) | |
| Davenport and Auto Repair and Collision Center LLC, Brittany Davenport, and Kenneth Davenport, | ) ) ) ) | **ORDER APPROVING SETTLEMENT AGREEMENT** |
| Defendants. | ) ) ) | |

This matter is before the court on the parties' joint motion for settlement approval. [ECF No. 23.] For the reasons set forth below, the court grants the motion.

**BACKGROUND**

Plaintiff Travis Geery, on behalf of himself and all others similarly situated, ("Plaintiff") filed this lawsuit against Defendants Davenport Auto Repair and Collision Center LLC, Brittany Davenport, and Kenneth Davenport ("Defendants") on July 7, 2021. [ECF No. 1.] Plaintiff alleges his former employer, the Davenport Auto Repair and Collision Center LLC, misclassified him and other Battery Technicians as "independent contractors" rather than employees. *Id.* ¶ 1. Through the complaint, Plaintiff seeks to recover from Defendant pursuant to the failure to pay minimum and overtime wages portions of the Fair Labor Standards Act ("FLSA") and for alleged violation of the South Carolina Payment of Wages Act ("SCPWA"). *Id.* ¶¶ 1–2, 7. Defendants answered the Complaint on September 9, 2021. [ECF No. 9.]

On October 14, 2021, the parties filed a consent motion to stay the scheduling order while they sought additional documentation and information that they believed would enable them to reach a resolution in this case. [ECF No. 13.] The court granted the stay and ultimately stayed the case until February 14, 2022, to allow the parties to facilitate resolution of this case. [ECF No. 14;

ECF No. 19.] On June 2, 2022, the parties informed the court that they settled this case, and the court entered a *Rubin* order dismissing the case. [ECF No. 22.]

On July 27, 2022, the parties filed the motion that is the subject of this order. [ECF No. 23.]

## LEGAL STANDARD

Because this settlement involves an FLSA claim, this court is charged with the responsibility of scrutinizing it for fairness. *See Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div*., 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354.

## DISCUSSION

Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g.*, *Corominas v. ACI Holdings, LLC*, No. 2:15-cv-4372, 2016 WL 10520235 (D.S.C. Oct. 27, 2016); *Dominguez Arteaga v. Ecofoam Insulation & Coating of Charleston, LLC*, No. 9:18-cv-2147, 2019 WL 6057428 (D.S.C Jan. 25, 2019). Thus, to determine whether to approve the proposed settlement, this court will assess (1) whether the award

reflects a reasonable compromise over the issues in dispute; and (2) whether the proposed award of attorneys' fees and costs is reasonable.  *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016).

In this case, a bona fide dispute exists. Plaintiff alleges Defendants misclassified him as an independent contractor, failed to pay him minimum and overtime wages in violation of the FLSA, and made illegal deductions from his wages in violation of SCPWA. [ECF No. 1.] Defendants deny these allegations. [ECF No. 9.]

Turning to the fairness and reasonableness of the settlement, the court considers six factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Irvine*, 204 F. Supp. 3d at 849 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). The court finds each of the above-listed factors met in this case. [1]

First, as outlined in the motion, the parties have exchanged documents and information relating to the merits of this case and the potential damages incurred. [ECF No. 23 ¶ 5.] Second, the parties represent that "the record was developed to the extent that the parties were informed of the legal and factual basis of Plaintiff's claims, Defendants' defenses, and the potential liability." [*Id.* ¶ 6.] As to the third factor, the court presumes the absence of fraud or collusion unless there

---

[1] The court does not consider the fifth factor, as Plaintiff is settling this action on an individual basis. [ECF No. 23-1 at ¶ 3 ("Geery, on behalf of himself and his executors, heirs, administrators, representatives and assigns, and any person or entity who may claim by or through him, hereby agrees to release, forever discharge, and not sue Defendants[.]").]

is some contrary evidence. *Irvine*, 204 F. Supp. 3d at 850. There is no contrary evidence here. Fourth, Plaintiff's attorneys are experienced employment attorneys who have litigated many other FSLA matters and whose practice is focused on employment law. [*Id.* ¶ 7]. The court finds that this factor is satisfied. The final factor is also met in this case. The settlement amount reflects 150% of what the Plaintiff believes he is owed for wages, liquidated under the FLSA, and for damages under the SCPWA. [*See* ECF Nos. 1, 23 ¶ 10, 23-4 ¶ 2.] For these reasons, the court finds that the settlement is fair and reasonable.

In addition to the fairness and reasonableness of the settlement, the court must also consider the reasonableness of the request for attorneys' fees. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a written settlement agreement."). District courts in the Fourth Circuit consider 12 factors to be determine the fairness and reasonableness of a proposed fee:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44, (4th Cir. 2009) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 n.28 (4th Cir. 1978)). Considering the twelve factors as outlined in the supplemental memorandum on attorneys' fees and as further discussed at the settlement

approval hearing, the court finds the proposed attorneys' fees and costs request of $13,000 to be fair and reasonable.

The court emphasizes the results obtained for Plaintiff, the experience, reputation, and ability of the attorneys, and the attorney's fees awards in similar cases. Plaintiff stated he believed he was owed $15,000 in wages and damages under the FLSA and SCPWA, and he will recover $22,000, or nearly 150% of what he sought through his complaint [ECF No. 23-4, ¶ 2]. Such a generous outcome is the result of the experience, reputation and abilities of Plaintiff's counsel. Plaintiff's counsel expended approximately 49 hours of legal work on this case. [ECF No. 23 Ex. 3.] With their regular hourly rates of $250.00 as to Ms. Martens and $350.00 as to Ms. Hamilton Cawley, the lodestar for this matter comes to $14,949.00. *Id*. The requested fee award of $12,220.00 (plus $780 in costs for a total award of $13,000.00) is lower than the lodestar number. *See Irvine*, 204 F. Supp. 3d at 850 (finding proposed fees "less than the lodestar number … to be reasonable"); *Weckesser v. Knight Enters. S.E.*, 402 F. Supp. 3d 302, 308 (D.S.C. 2019) (comparing fee request to lodestar to determine reasonableness). For these reasons, the court finds that the proposed attorneys' fees request is reasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion to approve settlement agreement, ECF No. 23; the Court **APPROVES** the settlement and release agreement, finding it is a fair, reasonable, and adequate settlement of a bona fide dispute; the Court **APPROVES** the payment of attorneys' fees and costs in the amount of $13,000, finding the request fair and reasonable; and the Court hereby finds that all claims asserted in this litigation are hereby **DISMISSED with prejudice** upon completion of the payments in the approved settlement

agreement. The court retains jurisdiction to enforce the terms of the settlement and release agreement.

**IT IS SO ORDERED.**

s/ Sherri A. Lydon
Sherri A. Lydon
United States District Judge

October 19, 2022

Columbia, South Carolina